# Attachment A

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

LYNLEY EDWARDS, NICOLE NEAL,  :
DAVID CROUCH, JOSHUA SHAPIRO  :          CIVIL ACTION
and MICHAEL GILLAM, Individually And  :   FILE NO.
On Behalf Of All Others Similarly Situated,  :
:          2010CV185004
        Plaintiffs,          :
:
    v.                       :          JURY TRIAL
:          DEMANDED
MATTRESS GIANT CORPORATION,   :
:
        Defendant.           :

**FILED IN OFFICE**
APR 2 8 2010
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys, and assert their claims

under the Fair Labor Standards Act ("FLSA") for overtime compensation and other

relief, on the grounds set forth below:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this Court as Defendant Mattress Giant Corporation has

its registered agent for service in Fulton County.

## PARTIES

### 3.

Plaintiff Lynley Edwards ("Edwards") is a current employee of Defendant, having been employed from approximately April 28, 2008 to date in the capacity of store manager.

### 4.

Plaintiff Nicole Neal ("Neal") is a current employee of Defendant, having been employed from approximately August 18, 2008 to date in the capacity of store manager.

### 5.

Plaintiff David Crouch ("Crouch") is a current employee of Defendant, having been employed from approximately June 17, 2008 to date in the capacity of sales associate.

### 6.

Plaintiff Joshua Shapiro ("Shapiro") is a former employee of Defendant, having been employed from approximately December 5, 2008 to approximately March 17, 2010 in the capacity of assistant store manager.

7.

Plaintiff Michael Gillam ("Gillam") is a current employee of Defendant, having been employed from approximately November 18, 2004 to date in the capacity of store manager, with Mattress Giant's predecessor, Mattress Expo.

8.

Defendant Mattress Giant Corporation ("Defendant") is a Texas corporation and is licensed to do business in the State of Georgia. Defendant may be served with process via service on its registered agent, CT Corporation System at its business address of 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

## FACTUAL ALLEGATIONS COMMON TO PLAINTIFFS AND THE CLASS THEY REPRESENT

9.

Plaintiffs bring this action on behalf of themselves and all other similarly situated present and former employees of Defendant who consent to the representation, pursuant to 29 U.S.C. § 216(b). Each individual Plaintiff's Consent to Become a Party Plaintiff in this FLSA Action is incorporated herein as Exhibit "A".

10.

This action is brought by current and former employees of Defendant on behalf

–3–

of all current and former employees who were paid by the hour, for violation of the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA"),

based upon Defendants' common policy in the Atlanta, Georgia and, upon information

and belief, the Houston, Texas Regions of failing to properly compensate them for

overtime worked and earned in the manner stated below.

11.

Plaintiffs and the class they represent were and are employees engaged in

commerce by selling mattresses in several States within the United States.

12.

Plaintiffs and the class they represent were and are employed by an enterprise

engaged in commerce, *i.e.* a nation-wide mattress retailer with approximately three

hundred sixty (360) stores in fourteen (14) states.

13.

Defendant is primarily engaged in selling mattresses to the public from its

approximately three hundred sixty (360) stores in fourteen (14) states and online.

14.

Defendant had gross revenues in excess of $500,000 in each of the years 2006,

2007, 2008 and 2009.

15.

-4-

Defendant is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) as it was acting directly or indirectly in the interest of Defendant in its interactions with Plaintiffs and the class they represent, and controlled the terms and conditions of employment of Plaintiffs and the class they represent on a day to day basis.

16.

Plaintiffs' work period and that of each member of the class they represent consist of a seven day calendar week beginning on Sunday and ending on Saturday.

17.

Plaintiffs and the class they represent were paid by Defendant on an hourly basis and are classified by Defendant to be non-exempt from the overtime requirements of the FLSA.

18.

Plaintiffs and each member of the class they represent were not guaranteed at least $455.00 per week in wages and the amount of their weekly wages could fluctuate below $455.00 depending on the number of hours worked that week.

19.

All of Plaintiffs' pay stubs and those of the class they represent reflect that Plaintiffs and the class members were paid by the hour and were not salaried employees.

20.

At all times relevant to this complaint, the regular hourly pay rate of Plaintiffs and the class they represent is and has been less than 1.5 times the applicable minimum wage mandated by the FLSA.

21.

For most if not all months that each Plaintiff and the class they represent were employed by Defendant over the last three years, less than half of each Plaintiff's compensation, and that of the class they represent, was comprised of commissions earned from selling mattresses.

22.

Throughout Plaintiffs' employment with Defendants, and that of each member of the class they represent, each is routinely scheduled to work in excess of forty (40) hours per week and each routinely works in excess of forty (40) hours per week.

23.

Defendants do not claim that Plaintiffs and the class they represent were subject to any exemption from the overtime pay requirements of the FLSA and admit that Plaintiffs and the class they represent were entitled to be paid 1.5 times their regular hourly rate of pay for each hour he worked in excess of forty in any given work period.

24.

Throughout Plaintiffs' employment with Defendant, and that of each member of the class they represent, each was required by Defendant to attend, during the employee's regular working hours, approximately sixteen (16) meetings per year at a location other than the store in which they regularly work.

25.

When attending the meetings, Plaintiffs and the class they represent would be required to report to their usual work location and then travel to the off site meeting location. After the meetings, each would return to their usual work location.

26.

Defendant failed to pay Plaintiffs and the class they represent any amount for the travel time incurred between Plaintiffs' and the class members' usual work location and the location of the meeting or for the return travel time incurred between the meeting location and their usual work location.

27.

Defendant would pay Plaintiffs and the class they represent for only two (2) hours of work for these meetings, even if the meetings lasted longer than two (2) hours.

28.

Defendant required Plaintiffs and the class they represent to make "night drop"

-7-

deposits at the bank on a daily or near daily basis.

29.

Defendant required that these night drop bank deposits always be made after Plaintiffs and the class they represent had "clocked out" and closed the store for the day.

30.

Making the night drop bank deposits is an integral and indispensable part of the principal activities of Plaintiffs and the class they represent.

31.

Defendant has failed to pay Plaintiffs and the class they represent any amount for the work time incurred in traveling to the bank each day to make the night deposit.

32.

Defendant requires Plaintiffs and the class they represent to be ready to service customers at 9:45 a.m. each day.

33.

In order for Plaintiffs and the class they represent to be ready to service customers at 9:45 a.m. each day, Plaintiffs and the class they represent must arrive at work earlier than 9:45 a.m. each day.

-8-

34.

Further, if the telephone rings prior to 9:45 a.m. or a customer is waiting at the store when the employee arrives for work, the employee is expected to answer the telephone or provide service to the customer prior to 9:45 a.m.

35.

When Plaintiffs and the class they represent perform work prior to 9:45 a.m. on any day, they are not credited with this work time and receive no compensation for this work time.

36.

Defendant regularly requires Plaintiffs and the class they represent to perform duties during non-work hours, such as distributing sales event flyers to the public and shopping at competitors' stores and reporting on the experience.

37.

Defendants pay Plaintiffs and the class they represent no wages for the performance of this "off the clock" work.

38.

Upon information and belief, Defendant has failed to keep accurate records of the hours worked by Plaintiffs and of the class members they represent, as required by the FLSA, and would alter Plaintiffs' time records to falsely reflect that they had

–9–

worked less hours than they had actually worked.

39.

Defendant has failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

40.

Plaintiffs and each member of the class they represent were required to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in any given pay period.

41.

Defendant knew or should have known that the FLSA applied to Plaintiffs and the class they represent.

42.

Upon information and belief, in failing or refusing to pay Plaintiffs and the class they represent overtime as required by the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that Plaintiffs and/or the class members were not entitled to overtime.

43.

Defendant has refused to adequately compensate Plaintiffs and the class they

represent for work in excess of forty hours per pay period, at the rates required by law,

and have willfully refused to rectify the situation.

44.

Defendant is liable to Plaintiffs and to each member of the class they represent

for compensation for any and all time worked in excess of 40 hours per week at the

rate of at least one and one-half times the regular rate.

45.

Defendant's conduct constitute willful violations of § 207 of the FLSA, entitling

Plaintiffs and the class they represent to all relief afforded under the FLSA, including

the application of a three (3) year statute of limitations and the award of liquidated

damages.

**CLAIMS FOR RELIEF**
**COUNT ONE**
**VIOLATION OF 29 U.S.C. § 207**
**(Overtime Violations)**

46.

Paragraphs 1 through 45 are incorporated herein by this reference.

47.

Defendant's failure to compensate Plaintiffs and the class they represent for time

actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests that this Court:

(a)     Take jurisdiction of this matter;

(b)     Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

( c)    Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(d)     Grant a trial by jury as to all matters properly triable to a jury;

(e)     Issue a judgment declaring that the provisions of the FLSA covered Plaintiffs and the class they represent and that Defendant has failed to comply with the requirements of the FLSA;

–12–

(f)   Award Plaintiffs proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

(g)   Award each member of the class Plaintiff represents proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(h)   Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

(I)   Award each Plaintiff and each member of the class they represent their reasonable attorney's fees and costs; and

(j)   Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 2 7 day of April, 2010.

13

STACY BARNETT
Georgia Bar No.039253

THE BARNETT LAW FIRM P.C.
181 East Main Street
Canton, Georgia 30114
(770) 720-9522     Telephone
(770) 720-1770     Facsimile
barnettlawfirm@gmail.com

MITCHELL D. BENJAMIN
Georgia Bar No. 049888

BILLIPS & BENJAMIN LLP
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339
(770) 859-0751     Telephone
(770) 859-0752     Facsimile
benjamin@bandblawyers.com

ATTORNEYS FOR
PLAINTIFFS

14

EXHIBIT "A"

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

LYNLEY EDWARDS, NICOLE NEAL,        :
DAVID CROUCH, JOSHUA SHAPIRO        :          CIVIL ACTION
and MICHAEL GILLAM, Individually And : FILE NO.
On Behalf Of All Others Similarly Situated, :
                                             :
    Plaintiffs,              :
                                             :
    v.                       :          JURY TRIAL
                                             :          DEMANDED
MATTRESS GIANT CORPORATION,        :
                                             :
    Defendant.              :

---

**CONSENT TO SERVE AS A PLAINTIFF REPRESENTATIVE UNDER THE
FAIR LABOR STANDARDS ACT (29 U.S.C. §201, ET SEQ.)**

    I, David Crouch, a current or former employee of Mattress Giant Corporation,

consent to serve as a Plaintiff and Class Representative in the above-referenced action and to

represent the interests of the class members with respect to all cognizable claims for overtime

compensation and any other benefits available under the Fair Labor Standards Act and other

applicable laws, in accordance with a confidential Retainer Agreement executed by the

undersigned for such purpose.

    This 26th day of April, 2010.

_____
Signature

David Crouch
Print Name

## CONSENT TO SERVE AS A
## PLAINTIFF REPRESENTATIVE UNDER THE
## FAIR LABOR STANDARDS ACT (29 U.S.C. §201, ET SEQ.)

I, _Lynley Edwards_, a current or former employee of Mattress Giant, consent to serve as a Plaintiff and Class Representative in the above-referenced action and to represent the interests of the class members with respect to all cognizable claims for minimum wage and overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with a confidential Retainer Agreement executed by the undersigned for such purpose.

This _21_ day of _April_, 2010.

Signature

## CONSENT TO SERVE AS A
## PLAINTIFF REPRESENTATIVE UNDER THE
## FAIR LABOR STANDARDS ACT (29 U.S.C. §201, ET SEQ.)

I, _Michael Gillam_, a current or former employee of Mattress

Giant, consent to serve as a Plaintiff and Class Representative in the above-

referenced action and to represent the interests of the class members with respect

to all cognizable claims for minimum wage and overtime compensation and any

other benefits available under the Fair Labor Standards Act and other applicable

laws, in accordance with a confidential Retainer Agreement executed by the

undersigned for such purpose.

This _5_ day of _March_, 2010.

Signature _Michael Gillam_

## CONSENT TO SERVE AS A
## PLAINTIFF REPRESENTATIVE UNDER THE
## FAIR LABOR STANDARDS ACT (29 U.S.C. §201, ET SEQ.)

I, _Nicole Neal_____, a current or former employee of Mattress

Giant, consent to serve as a Plaintiff and Class Representative in the above-

referenced action and to represent the interests of the class members with respect

to all cognizable claims for minimum wage and overtime compensation and any

other benefits available under the Fair Labor Standards Act and other applicable

laws, in accordance with a confidential Retainer Agreement executed by the

undersigned for such purpose.

This _20_ day of _February_, 2010.

Signature _Nicole M Neal_

### CONSENT TO SERVE AS A
### PLAINTIFF REPRESENTATIVE UNDER THE
### FAIR LABOR STANDARDS ACT (29 U.S.C. §201, ET SEQ.)

I, _Joshua Shapiro_ , a current or former employee of Mattress

Giant, consent to serve as a Plaintiff and Class Representative in the above-

referenced action and to represent the interests of the class members with respect

to all cognizable claims for minimum wage and overtime compensation and any

other benefits available under the Fair Labor Standards Act and other applicable

laws, in accordance with a confidential Retainer Agreement executed by the

undersigned for such purpose.

This _19th_ day of _Feb_ , 2010.


Signature

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

LYNLEY EDWARDS, NICOLE NEAL,                    :
DAVID CROUCH, JOSHUA SHAPIR                     :      CIVIL ACTION
and MICHAEL GILLAM, Individually And            :      FILE NO.
On Behalf Of All Others Similarly Situated,     :
                                                :
    Plaintiffs,                                 :
                                                :
    v.                                          :      JURY TRIAL
                                                :      DEMANDED
MATTRESS GIANT CORPORATION,                     :
                                                :
    Defendant.                                  :

### SUMMONS

**TO THE ABOVE NAMED DEFENDANTS:**

    **You are hereby summoned and required to file with the Clerk of said court and serve the Plaintiff's attorney, whose name and address is:**

**STACY BARNETT**
**ATTORNEY AT LAW**
**181 EAST MAIN STREET**
**CANTON, GA 30114**

**An answer to the complaint which is herewith served upon you, within 30 (thirty) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. NOTE: If a hearing has already been scheduled in this case, you must appear at that schedule hearing, regardless of whether the 30 days for filing an answer has elapsed.**

This ____28____ day of ____April____, 2010.

                                    **Clerk of Superior Court**

                                 By: _____
                                 **Deputy Clerk**

**To Defendant upon whom this petition is served:**
**This copy of Complaint and summons was served upon you on the _____ day of _____, 2010.**

                                 _____
                                 **Deputy Sheriff, Fulton County, Georgia**

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| LYNLEY EDWARDS, NICOLE NEAL, | : | |
| DAVID CROUCH, JOSHUA SHAPIR | : | CIVIL ACTION |
| and MICHAEL GILLAM, Individually And | : | FILE NO. |
| On Behalf Of All Others Similarly Situated, | : | |
| | : | |
|    Plaintiffs, | : | |
| | : | |
| v. | : | JURY TRIAL |
| | : | DEMANDED |
| MATTRESS GIANT CORPORATION, | : | |
| | : | |
|    Defendant. | : | |

## SUMMONS

**TO THE ABOVE NAMED DEFENDANTS:**

You are hereby summoned and required to file with the Clerk of said court and serve the Plaintiff's attorney, whose name and address is:

**STACY BARNETT
ATTORNEY AT LAW
181 EAST MAIN STREET
CANTON, GA 30114**

An answer to the complaint which is herewith served upon you, within 30 (thirty) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. <u>NOTE:</u> If a hearing has already been scheduled in this case, you must appear at that schedule hearing, regardless of whether the 30 days for filing an answer has elapsed.

This _____28_____ day of _____April_____, 2010.

Clerk of Superior Court

By: _____
Deputy Clerk

To Defendant upon whom this petition is served:
This copy of Complaint and summons was served upon you on the _____ day of _____, 2010.

_____
Deputy Sheriff, Fulton County, Georgia

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| LYNLEY EDWARDS, NICOLE NEAL, | : | |
| DAVID CROUCH, JOSHUA SHAPIR | : | CIVIL ACTION |
| and MICHAEL GILLAM, Individually And | : | FILE NO. |
| On Behalf Of All Others Similarly Situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | JURY TRIAL |
| | : | DEMANDED |
| MATTRESS GIANT CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANTS:**

You are hereby summoned and required to file with the Clerk of said court and serve the Plaintiff's attorney, whose name and address is:

**STACY BARNETT**
**ATTORNEY AT LAW**
**181 EAST MAIN STREET**
**CANTON, GA 30114**

An answer to the complaint which is herewith served upon you, within 30 (thirty) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. **NOTE:** If a hearing has already been scheduled in this case, you must appear at that schedule hearing, regardless of whether the 30 days for filing an answer has elapsed.

This _____29_____ day of ___April___, 2010.

Clerk of Superior Court

By:_____
Deputy Clerk

To Defendant upon whom this petition is served:
This copy of Complaint and summons was served upon you on the _____ day of _____, 2010.

_____
**Deputy Sheriff, Fulton County, Georgia**

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

LYNLEY EDWARDS, NICOLE NEAL,                      :
DAVID CROUCH, JOSHUA SHAPIR            :        CIVIL ACTION
and MICHAEL GILLAM, Individually And      :        FILE NO.
On Behalf Of All Others Similarly Situated,         :
                                               :

    Plaintiffs,                                      :
                                               :

    v.                                               :        JURY TRIAL
                                               :        DEMANDED

MATTRESS GIANT CORPORATION,             :
                                               :

    Defendant.                                      :

### SUMMONS

**TO THE ABOVE NAMED DEFENDANTS:**

    **You are hereby summoned and required to file with the Clerk of said court and serve the Plaintiff's attorney, whose name and address is:**

**STACY BARNETT**
**ATTORNEY AT LAW**
**181 EAST MAIN STREET**
**CANTON, GA 30114**

**An answer to the complaint which is herewith served upon you, within 30 (thirty) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. <u>NOTE:</u> If a hearing has already been scheduled in this case, you must appear at that schedule hearing, regardless of whether the 30 days for filing an answer has elapsed.**

This _____ 28 _____ day of _____ April _____, 2010.

                                       **Clerk of Superior Court**

                                     By: _____
                                     **Deputy Clerk**

**To Defendant upon whom this petition is served:**
**This copy of Complaint and summons was served upon you on the _____ day of _____, 2010.**

                                       _____

                                       **Deputy Sheriff, Fulton County, Georgia**

# Attachment B



**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

LYNLEY EDWARDS, NICOLE NEAL,        )
DAVID CROUCH, JOSHUA SHAPIRO        )
AND MICHEAL GILLAM, Individually    )
And On Behalf Of All Others Similarly )
Situated,                           )
                                    )
            Plaintiffs,             )
                                    )   Case No. 2010-CV-185004
                                    )
v.                                  )
                                    )
MATTRESS GIANT CORPORATION,         )
                                    )
            Defendant.              )
                                    )

**NOTICE OF FILING OF NOTICE OF REMOVAL**

TO:  Clerk of Superior Court of Fulton County, Georgia

      PLEASE TAKE NOTICE that, on June 4, 2010, Defendant Mattress Giant

Corporation, filed a NOTICE OF REMOVAL in this action with the United States

District Court for the Northern District of Georgia, Atlanta Division. A copy of

the Notice of Removal is attached as Exhibit 1, which includes a copy of the

Answer filed in that Court.

Respectfully submitted this 4th day of June 2010.

A. Craig Cleland
GA Bar No. 129825
Email:craig.cleland@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303
Telephone:  (404) 881-1300
Facsimile:  (404) 870-1732

and

Chris R. Pace Kansas No. 17178
(application for  pro hac vice
     admission pending)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, MO  64112
Telephone:  816.471.1301
Facsimile:  816.471.1303
Email:  chris.pace@ogletreedeakins.com

Attorneys for Defendant
MATTRESS GIANT CORPORATION

2

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing Notice of Filing Notice of Removal

has been served this day via United States mail upon:

Stacy Barnett, Esq.
THE BARNETT LAW FIRM P.C.
181 East Main Street
Canton, Georgia 30114

Mitchell D. Benjamin, Esq.
BILLIPS & BENJAMIN LLP
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339

Respectfully submitted this 4th day of June 2010.

A. Craig Cleland
GA Bar No. 129825
Email:craig.cleland@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303
Telephone:  (404) 881-1300
Facsimile:   (404) 870-1732

and

Chris R. Pace Kansas No. 17178
(application for  pro hac vice
admission pending)

3

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, MO  64112
Telephone:  816.471.1301
Facsimile:  816.471.1303
Email:  chris.pace@ogletreedeakins.com

Attorneys for Defendant
MATTRESS GIANT CORPORATION,
Attorney for Defendant Mattress Giant
Corporation

4