**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LYNLEY EDWARDS, NICOLE NEAL, DAVID CROUCH, JOSHUA SHAPIRO and MICHAEL GILLAM, Individually And On Behalf Of All Others Similarly Situated, | : | CIVIL ACTION FILE NO. 1:10-CV-1735-HLM-WEJ |
| Plaintiffs, | : | |
| v. | : | |
| . | : | |
| MATTRESS GIANT CORPORATION, | : | |
| Defendant. | : | |

**<u>PLAINTIFFS' MOTION TO STRIKE OR INVALIDATE THE REMAINING AND UNACCEPTED OFFERS OF JUDGMENT</u>**

COME NOW Plaintiffs, by and through their counsel of record, and hereby file this motion to strike or invalidate the remaining and unaccepted offers of judgment as premature. In support of this motion, plaintiffs show this Court as follows:

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et</u> <u>seq.</u> There are currently 255 plaintiffs and opt in plaintiffs in this action. On February 9, 2011 Defendant served upon plaintiffs 202 separate and individualized offers of judgment, ranging in seemingly random amounts from $87.64 to $7,247.66. Pursuant to Fed. R. Civ. P. 68(a), each plaintiff had fourteen (14) days to accept or reject his/her offer of judgment. However, in order to make an informed decision as to

whether or not to accept each offer of judgment, plaintiffs and their counsel needed to assess each plaintiff's claimed damages to determine if the offer of judgment represents a fair and reasonable settlement of that plaintiff's claims. As that analysis could not be completed within the timeframe imposed by Fed. R. Civ. P. 68(a), plaintiffs requested (and defendant agreed), to extend the time for each plaintiff to consider the offers of judgment up to and including April 10, 2011. This Court granted the motion on February 24, 2011 (Docket No. 43).

Having now compared the offers of judgment with most plaintiffs' preliminary damage calculation, sixty-seven (67) plaintiffs and opt ins have accepted the offer of judgment and have filed the offers with the court. However, this analysis has also made clear that neither the parties, their attorneys or this Court have sufficient information at this time to determine if the remaining unaccepted offers of judgment represent a fair and reasonable settlement of that particular plaintiff's claims. As such, they are premature and must be stricken. Luna v. Del Monte Fresh Produce (Southeast), Inc., 2008 U.S. Dist. LEXIS 21636 (N.D. Ga. 2008). As Judge Carnes held in Luna:

> The named plaintiffs filed this action on behalf of themselves and other similarly situated migrant farmworkers. (*See* Amended Compl. [55].) Shortly after plaintiffs filed their amended complaint, they filed motions for class certification and for certification as an FLSA collection action. (Pls.' Mot. to Certify Class [73] and Mot. to Certify FLSA Collective

Action [84].) Subsequently, 47 plaintiffs opted into the lawsuit. (Pls.' Br. in Supp. of Mot. to Strike [199] at 2.) Defendants have issued Rule 68 offers of judgment to 42 of the opt-in plaintiffs. (*Id.* at 6.) Plaintiffs move to strike or invalidate those offers. (Pls.' Mot. to Strike offers of J. [199]; Pls.' Mot. to Determine Validity of Offers of J. [216].)

Pursuant to Rule 68, a defendant may make an offer of judgment to a plaintiff any time up to ten days prior to trial. FED. R. CIV. P. 68. If the plaintiff rejects the offer of judgment, and ultimately recovers less at trial than the amount specified in the offer, he must pay the defense costs incurred after the date of the offer. *Id.* Plaintiffs contend that defendants' offers are inappropriate in the context of an FLSA collective action. (Pls.' Mot. to Strike [199] at 7.) They seek judicial clarification of the issue because rejecting the offers may prejudice plaintiffs in the eventual assessment of costs. (*Id.*)

The Eleventh Circuit has held that FLSA claims may only be abridged or settled after a court reviews the proposed settlement to ensure that it is fair and reasonable. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). As the court explained in *Lynn's Food:*

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1353.

Defendants have not presented its Rule 68 offers to the Court for approval, with good reason. **At this stage in the litigation, there is absolutely no basis for determining whether the offers are fair and**

> **reasonable. The parties have not conducted any merits discovery or provided even an estimate as to the amount plaintiffs might be entitled to recover on their FLSA and AWPA claims.** *See Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 503 (S.D. Ohio 2002)(holding that it would be inappropriate to compel plaintiffs to accept an offer of judgment where it was unclear how much plaintiffs were owed) and *Rubery v. Buth-Na-Bodhaige, Inc.*, 494 F. Supp. 2d 178, 181 (W.D.N.Y. 2007) (noting that courts have "traditionally been wary of attempts by defendants to evade FLSA collective actions by making Rule 68 offers of judgment at the earliest possible time"). The amount specified in the offers appears to have been randomly selected.
>
> Defendants' settlement offers have not been, and at this stage in the litigation cannot be, reviewed or approved by the Court. The offers are thus invalid under Lynn's Food. Accordingly, the Court **GRANTS** plaintiffs' motion to strike defendants' Rule 68 offers and **DENIES as moot** plaintiffs' motion to determine the validity of the offers. Pursuant to this ruling, plaintiffs are not subject to the consequences of refusing the offers under Rule 68.[1]

(Emphasis added.) The same is true in this case. At the parties' joint request (Docket No. 22), on August 10, 2010, the Court stayed all formal discovery pending notice to the class and mediation after the opt in period was complete, through January 31, 2011 (Docket No. 23). That stay was lifted by the scheduling order of February 23, 2011 (Docket No. 40). During the stay, the parties informally exchanged information which would be helpful for mediation. However, defendant has not yet produced sufficient

---

[1] See also Reyes v. Carnival Corp., 2005 U.S. Dist. LEXIS 11948 (S.D. Fla. 2005), in which court refused to declare an FLSA case as moot after offer of judgment had been made to the named plaintiff, where there was insufficient information for it to determine if the offer provided full relief.

information necessary to properly calculate the plaintiff's individual damages. For example, no information has been produced which show the number of meetings each plaintiff attended, the length of the meetings, the travel time to or from the meetings or whether a plaintiff was paid for any portion of the meetings or travel time. We also do not have information confirming defendant's claimed number of bank deposits made by each plaintiff, or records reflecting the competitor shopping assignments. These claims make up the heart of the case.

Pursuant to the February 23, 2011 scheduling order, the parties will be engaged in discovery on certification issues for the next six months, and won't begin pure merits discovery until after this Court rules on defendant's anticipated motion to decertify the class. To date, the parties have not responded to formal written discovery, and only one deposition has been taken. Plaintiffs have had no opportunity to evaluate the merits (or lack thereof) any of the defenses asserted by defendant, such as good faith and lack of willfulness. (Defendant's Answer to Amended Complaint - Third and Fourth Defenses (Docket No. 28). Whether or not these defenses have merit will obviously impact the determination of whether the offers of judgment are fair and reasonable. Based on the current lack of the information necessary to objectively evaluate whether the amounts of the offers of judgment are fair and reasonable, the

remaining unaccepted offers of judgment must be stricken. Luna.[2]

WHEREFORE, Plaintiffs respectfully request that this Court strike the offers of judgment which have not been accepted to date and award such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted, this 10th day of April, 2011.

/s Stacy Barnett
STACY BARNETT
Georgia Bar No. 039253

THE BARNETT LAW FIRM P.C.
181 East Main Street
Canton, Georgia 30114
(770) 720-9522 Telephone
(770) 720-1770 Facsimile
barnettlawfirm@gmail.com

/s Mitchell D. Benjamin
MITCHELL D. BENJAMIN
Georgia Bar No. 049888
MATTHEW C. BILLIPS
Georgia Bar No. 057110

BILLIPS & BENJAMIN LLP
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339
(770) 859-0751 Telephone
(770) 859-0752 Facsimile
benjamin@bandblawyers.com

ATTORNEYS FOR PLAINTIFFS

---

2 Some of the offers of judgment are consistent with the undersigned's calculation of a particular plaintiff's damages. These are the offers of judgment which have been accepted. As they are close to, and in some cases exceed the amount calculated to be owed by that plaintiff, they are clearly fair and should be approved. Others are consistent with that particular plaintiff's own evaluation of his/her damages. However, absent the offers of judgment being consistent with a plaintiff's own damage calculation, there is no way at present to evaluate the offer of judgment for fairness. Upon request, Plaintiffs will provide the Court with the unaccepted offers of judgment at issue.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LYNLEY EDWARDS, NICOLE NEAL, DAVID CROUCH, JOSHUA SHAPIRO And MICHAEL GILLAM, Individually And On Behalf Of All Others Similarly Situated, | ) | CIVIL ACTION FILE NO. 1:10-CV-1735-HLM-WEJ |
| Plaintiffs, | ) | |
| v. | ) | |
| MATTRESS GIANT CORPORATION, | ) | |
| Defendant. | ) | |

**<u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>**

The undersigned hereby certifies that this day, I electronically filed the annexed **PLAINTIFFS' MOTION TO STRIKE OR INVALIDATE THE REMAINING AND UNACCEPTED OFFERS OF JUDGMENT**, which complies with the type and format (including type and point size) selections as set forth in L.R. 5.1(B) and 7.1(D), N.D. Ga. as being prepared in 14 Point Times New Roman with no more than ten (10) characters per inch, with the Clerk of Court in the United States District Court, for the Northern District of Georgia, Atlanta Division, using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

A. Craig Cleland
Tracey T. Barberee
Justin M. Scott
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
191 Peachtree Street, NE, Suite 4800
Atlanta, Georgia 30303

Chris R. Pace
Tracy F. George
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Central Plaza
4717 Grand Ave., Suite 300
Kansas City, MO 64112

Respectfully submitted this 10th day of April, 2011.

/s Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No. 049888

BILLIPS & BENJAMIN, LLP
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia. 30339
(770) 859-0751 Telephone
(770) 859-0752 Facsimile
benjamin@bandblawyers.com