

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LYNLEY EDWARDS, NICOLE NEAL, DAVID CROUCH, JOSHUA SHAPIRO and MICHAEL GILLAM, Individually And On Behalf Of All Others Similarly Situated, : <br><br>Plaintiffs, <br><br>v. <br><br>MATTRESS GIANT CORPORATION, <br><br>Defendant. | CIVIL ACTION FILE NO. <br>1:10-CV-1735-HLM-WEJ |

## ORDER OF FINAL CONFIRMATION OF PROPOSED SETTLEMENT

Before the Court is the Settlement Agreement, to which the parties request that the Court give its final approval. The parties have conditionally reached a global settlement of this FLSA collective action. Pursuant to the Settlement Agreement, Defendant will designate $259,699.65 as settlement proceeds to be distributed to the plaintiffs who timely return signed Releases. When the amounts of the offers of judgment are added to the settlement, the total amount the plaintiffs have/will receive is $338,643.52. Defendant will pay $288,369.88 to Plaintiffs' counsel as fees and costs for all Plaintiffs through dismissal. This includes fees and costs incurred in

connection with representation of the 62 plaintiffs for whom judgment has already been entered on accepted offers of judgment.

Plaintiffs' counsel have communicated with at least 171 of the 189 plaintiffs remaining in this action and have explained the settlement agreement to them, as well as the formula used to calculate their damages, the specific dollar amount of their damages and the amount of fees and costs their counsel will receive. Every single one of these 171 plaintiffs have expressly indicated to Plaintiffs' counsel that they approve the settlement. Plaintiffs' counsel have not been able to reach the remaining plaintiffs, despite multiple attempts to do so. Further, as of the date the Parties have submitted the Settlement Agreement for approval, over 139 Plaintiffs have already provided the executed Releases required by the Settlement Agreement to Plaintiffs' counsel.

255 named plaintiffs and opt-ins elected to participate in this FLSA collective action. As stated above, 62 plaintiffs had judgment entered for them in the amounts of their accepted offers of judgment. Fourplaintiffs either opted out of the case or were employed for less than one week and therefore had no damages, leaving 189 plaintiffs. Of these 189 plaintiffs, it was determined by the parties that 49 plaintiffs were not hourly paid employees, but were instead paid on a commission basis Nevertheless, these 49 plaintiffs will participate in the settlement by receiving 3 hours of straight pay

for each month employed during the period between April 28, 2008 and January 1, 2009. Of these 49 plaintiffs, 41 have given their consent (via email or telephone) to the settlement on this basis and have been informed of the dollar amount this formula yields for them. The other eight have not responded to Plaintiffs' counsel's emails, letters and telephone calls. However, not one plaintiff who was informed of the settlement formula and the amount they are to receive has objected or stated an intention to opt out.

## A.    Procedural History

This FLSA collective action was filed by five named plaintiffs in the Superior Court of Fulton County, Georgia on April 28, 2010. Defendant removed the case to this Court on June 4, 2010 (Docket No. 1). After the Answer, Planning Report and Discovery Schedule and Initial Disclosures were filed, the parties stipulated to conditionally certifying the action, and to stay the proceedings pending mediation. (Docket Nos. 21, 22). This Court approved that stipulation on August 10, 2010. (Docket No. 23). Thereafter, Plaintiffs engaged a Notice Administrator, Garden City Group ("GCG"), who, after being provided with the contact information for all putative collective action members by Defendant, mailed this Court's approved Notice

of Lawsuit and Consent to Join FLSA Action to all potential opt-ins. At the time the opt-in period closed there were 255 plaintiffs in this action.

In preparation for the mediation, Defendant provided to Plaintiffs thousands of pages of documents, and in spreadsheet form, the time and payroll records of each plaintiff. Thereafter, named Plaintiff Lynley Edwards was deposed on January 19, 2011 and the parties mediated the case with mediator David Nutter on January 20, 2011. No resolution was reached at that mediation.

On February 23, 2011, the Court, at the parties' joint request, entered a Scheduling Order, bifurcating discovery between "certification" and "merits" issues. (Docket No. 40). Pursuant to the Order, merits discovery was stayed until after a ruling was made on Defendant's anticipated Motion for Decertification. (Id.).

As soon as the opt-in period ended and Plaintiffs' counsel learned the identities of the opt-ins, counsel attempted to contact each opt-in to learn the facts supporting their allegations and damages, as well as to attempt to prove that each was similarly situated to the named plaintiffs to defend against an anticipated motion to decertify the collective action after "certification" discovery had concluded. This contact included drafting a questionnaire which was sent to each Plaintiff requesting relevant information from them. Many of these plaintiffs were interviewed by telephone in

addition to providing their filled out questionnaire to counsel. Plaintiffs' counsel then created a spreadsheet identifying for each Plaintiff the "off the clock" activities alleged to have been engaged in, the estimated frequency each off the clock activity was engaged in and the estimated average amount of time it took to perform each of these alleged uncompensated activities. Plaintiffs' counsel calculated alleged amounts owed to each plaintiff by taking into account each plaintiff's actual hourly rate and estimated alleged number of hours worked.

On February 9, 2011 Defendant served upon plaintiffs 202 separate and individualized offers of judgment, ranging in amounts from $87.64 to $7,247.66. Sixty-seven (67) plaintiffs accepted the offers of judgment and this Court entered judgment for sixty-two (62) of these plaintiffs. The remaining five plaintiffs who accepted offers of judgment but did not previously move for entry of judgment will receive the amount accepted as part of this settlement. Plaintiffs moved to strike the remaining offers of judgment, and this Court granted that motion. (Docket No. 66).

The parties engaged in substantial written discovery, and several plaintiffs in several states were deposed (Lynley Edwards (GA), Sharon Mitchell (GA), Mushtaba Sakhi (MN), Andrew Christianson (MA) and Walter Raysick (FL)). The parties scheduled the deposition of Defendant in Texas and the depositions of several other

plaintiffs in various states were being scheduled at the time the parties reached a settlement in this case. The parties also engaged in a second mediation in December, 2011. An agreement to the terms of settlement was reached on or about March 26, 2012.

### B. The Terms Of The Settlement

The 189 plaintiffs in this case who have not already been received payment from an accepted offer of judgment will be entitled to a share of the total settlement proceeds of $259,699.65 pursuant to Plaintiffs' counsels' formula which was consistently applied to each plaintiff, based on the length of each plaintiff's employment, and the nature and amount of the off the clock activities claimed to have been performed by each plaintiff.[1] In addition to the formula amounts, Named Plaintiff Lynley Edwards will receive an additional $3,000 incentive payment and Named Plaintiffs Nicole Neal and Michael Gillam will receive incentive payments of $1,000 each. A separate Motion to approve these incentive payments was filed seeking approval of the incentive payments.

---

1 The 135 wage earning plaintiffs have had the same formula applied to them to determine their damages, while the 49 commission-based plaintiffs will receive 3 hours of compensation per month of employment between April 28, 2008 and January 1, 2009.

During the discovery phase of this case, Defendant produced all time records and payroll records of each plaintiff. With few exceptions, each plaintiff also produced to his/her counsel a completed questionnaire (and later discovery responses) from which it could be determined which of the five "off the clock" activities alleged in this case each plaintiff claimed to have engaged in, as well as an approximation of how often each plaintiff claimed to have engaged in these activities and how much time it took to perform these activities.[2] The five alleged "off the clock" activities involved in this case are: making bank deposits at night after clocking out, handing out sales flyers on days off, shopping the competition on days off, handling customers before clocking in or after clocking out and intra-day travel between work locations and meetings and vice versa. Not every plaintiff claims to have engaged in all of these activities but all plaintiffs claim to have engaged in some of these activities. Defendant denies plaintiffs' allegations of FLSA violations and contends that plaintiffs were properly paid for all time worked. The formula applied to each of the off the clock activities is described in detail in the Motion to Approve the Settlement Agreement and will not be repeated here.

---

2 All of these records combined permitted Plaintiffs' counsel to determine the appropriate overtime hourly rate to be applied to the claimed off the clock activities and the amount claimed to be owed to each plaintiff.

Plaintiffs recognize that their ability to recover all or part of the relief sought in this Action is subject to numerous risks, including but not limited to the following: (i) the Court may decertify the class, (ii) the Court may enter summary judgment in Defendant's favor on some or all of Plaintiffs' claims; (iii) the Court or jury may determine Plaintiffs are not entitled to recover for their claims; (iv) the Court or jury may determine that some or all of the Plaintiffs are not entitled to damages or are entitled to an amount of damages less than the amount sought by Plaintiffs; (v) the Court may determine that the act or omission giving rise to the Action was lawful; and (vi) the Court or jury may determine that any alleged violation of the FLSA was not willful within the meaning of the FLSA.

Defendant recognizes that it is also subject to numerous risks in this case, including, but not limited to, the following: (i) the Court may not decertify the class; (ii) the Court may decertify only part of the class; and (iii) the Court or jury could determine that they violated the Plaintiffs' rights regarding their claims and award full relief including liquidated damages, and reject the defenses and affirmative defenses of the Defendant.

Accordingly, in order to avoid the uncertainty, burdens, and expense of further discovery and litigation, and without admission or finding of liability or wrongdoing

on the part of Defendant, such being expressly denied by Defendant, Plaintiffs and Defendant have determined that it is in the best interests of the parties to resolve fully all claims asserted in the Action and that such settlement shall constitute a final and complete resolution of the parties' rights and obligations as set forth in the parties' Settlement Agreement.

BASED ON THE ABOVE STIPULATIONS, STATEMENTS OF COUNSEL FOR THE PARTIES, AND THE ENTIRE RECORD BEFORE THE COURT, THE COURT FINDS AS FOLLOWS:

The parties have conditionally agreed to a settlement. It appears to the Court that the Settlement Agreement is the result of arms-length negotiations between the parties after extensive litigation, including discovery of Defendant's policies, practices, time and payroll records, as well as other exchanges of information and discussions. After reviewing the terms of the Settlement Agreement in the context of the record in this Action and the controlling legal authority, the Court finds the Settlement Agreement is "fair, adequate, and reasonable, and is not the product of collusion between the parties" and is consistent with relevant state and federal law. Bennett v. Behring, 737 F.2d 982, 986 (11th Cir. 1984); See also Sterling v. Stewart, 158 F.3d 1199, 1204 (11th Cir. 1998).

The FLSA was enacted to protect workers from low wages and oppressive working hours that can result "due to the unequal bargaining power as between employer and employee." Barrentine v. Arkansas-Best Freight System, 450 U.S. 728 (1981). The FLSA's provisions are mandatory and are not subject to negotiation, bargaining, or settlement except in two circumstances: 1) the Secretary of Labor authorizes and supervises payment to unpaid employees under 29 U.S.C. § 216( c);or 2) employees present a proposed settlement to the court after directly bringing a private action for back wages under 29 U.S.C. § 216(b). Lynn's Food Stores, Inc. United States, U.S. Dep't of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982). A court may approve the settlement after scrutinizing a proposed settlement for fairness. Id.

In light of the above, particularly the risks acknowledged by the parties in pursuing the litigation, the record reveals that each Plaintiff will receive a fair and reasonable amount of the disputed wages that each claims to be owed. In addition, Lynley Edwards, one of named Plaintiffs, will receive an additional payment of $3,000 as an incentive payment. Named Plaintiffs Nicole Neal and Michael Gillam will each receive an incentive payment of $1,000. These incentive payments will not reduce the recovery of any other plaintiff. Such incentive payments in collective and class actions are not uncommon and are permissible. Tam Su v. Electronics Arts, Inc., 2006 U.S.

-10-

Dist LEXIS 98894 (M.D. Fla. 2006)(approving incentive payment of $20,368.22 as part of overall settlement of FLSA collective action).

Over 90% of the plaintiffs have been successfully reached by Plaintiffs' Counsel and have been made aware of the amount they are to receive in this settlement, and have indicated to Plaintiffs' Counsel that they approve of that amount. These plaintiffs have also been made aware of the amount of attorneys' fees and costs Plaintiffs' counsel is to receive and none have objected. The record also reflects that Plaintiffs' counsel will receive in fees and costs an amount which is significantly less than the lodestar amount for the work performed (reasonable hourly rate X reasonable number of hours expended). The Court finds that the hourly rates of $350 for attorney Mitchell D. Benjamin, $400 for attorney Matthew C. Billips, $300 for attorney Stacy D. Barnett and $125 for paralegal Rachele McKenzie are reasonable. The parties and counsel for the parties also agree that the amount of $288,369.88 to be paid to Plaintiffs' counsel as fees and costs is reasonable.

**IT IS THEREFORE ORDERED THAT:**

1. The Settlement Agreement is finally **APPROVED** by the Court as an adequate and reasonable resolution of this Action and is binding on all parties.

2. The parties are directed to distribute the settlement proceeds, including attorneys' fees and costs of litigation, consistent with the terms of the Settlement Agreement and the itemization of individualized damages calculations.

3. Plaintiffs' pending motion for Attorneys' fees and costs incurred in connection with the 62 approved offers of judgment (Docket Nos. 155, 158, 160,and 161) is denied as moot in light of this Order;

4. Any named or opt-in plaintiffs who participate in the Settlement are bound by the Release they have executed;

5. The claims of all plaintiffs are dismissed with prejudice. This Court will retain jurisdiction over the construction, interpretation, implementation, administration and enforcement of the Settlement Agreement and the distribution of the individual settlement amounts, including the amounts paid as attorneys' fees and costs.

SO ORDERED this _14_ day of ___June___, 2012.

_____
Walter E. Johnson
United States Magistrate Judge

CONSENTED TO:

/s Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No. 049888
Matthew C. Billips
Georgia Bar No. 057110
BILLIPS & BENJAMIN LLP
One Tower Creek, Suite 190
3101 Towercreek Parkway
Atlanta, Georgia 30339
Telephone   (770) 859-0751
Facsimile    (770) 859-0752
E-mail: benjamin@bandblawyers.com
Email:  billips@bandblawyers.com

/s Stacy Barnett
STACY BARNETT
Georgia Bar No. 039253
THE BARNETT LAW FIRM P.C.
181 East Main Street
Canton, Georgia 30114
(770) 720-9522     Telephone
(770) 720-1770     Facsimile
barnettlawfirm@gmail.com

Attorneys for Plaintiffs

/s/ A. Craig Cleland
A. Craig Cleland
Georgia State Bar No. 129825
Tracey T. Barberee
Georgia State Bar No. 036792
Bonnie Puckett
Georgia State Bar No. 422055
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
191 Peachtree Street, NE, Suite 4800
Atlanta, Georgia 30303

Chris R. Pace, *pro hac vice*
Tracy F. George, *pro hac vice*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Central Plaza
4717 Grand Ave., Suite 300
Kansas City, MO 64112

Attorneys for Defendant